IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TINA JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-00411 |
| | § | |
| DAVID THOMAS HERBERT, et al., | § | |
| | § | |
| *Defendants*. | § | |

## JOINT FINAL PRETRIAL ORDER

This cause came before the Court at a pre-trial management conference held on November 2, 2023, pursuant to Federal Rule of Civil Procedure 16.

### A.  COUNSEL FOR THE PARTIES

Plaintiff(s):

Michael E. Pierce
Kyle W. Chapel
PIERCE SKRABANEK PLLC
24 Greenway Plaza, Ste. 500
Houston, Texas 77046
*Counsel for Plaintiff Tina Johnson*

Defendant(s):

John Bridger
Teylor Mark
WILSON ELSER MOSKOWITZ LLP
909 Fannin St., Ste. 3300
Houston, Texas 77010
*Counsel for Defendant Amazon Logistics, Inc.*

Gregg S. Weinberg
Laura M. Cabutto
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056
*Counsel for Defendant Kendrick Transport LLC*

B.  STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332 as the parties diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

<u>Kendrick Transport</u>:  Jurisdiction is (not) disputed. A substantial amount of the events took place in Orange County, Texas and the case was originally filed in the district court in Orange County, Texas. A notice of removal was filed pursuant to 28 U.S.C. §1441, to the United States District Court for the Eastern District of Texas, Beaumont Division.

C.      NATURE OF ACTION

On October 27, 2020, Plaintiff was involved in a motor vehicle collision while traveling westbound on I-10 in Orange County Texas. Plaintiff alleges that an 18-wheeler owned and operated by Defendant Kendrick, hauling a trailer on behalf of Defendant Amazon, merged in front of her vehicle, into the lane she was occupying, which prompted her to slow her vehicle causing the 18-wheeler driven by Defendant Herbert and operated by Defendant Intracoastal to collide with the rear end of Plaintiff's vehicle. Plaintiff further claims the impact of the rear-end collision pushed her vehicle into the rear of the 18-wheeler traveling in front of her vehicle. Plaintiff claims injuries as a result of the incident.

<u>Kendrick Transport's Statement Regarding the Nature of the Action</u>:

The Plaintiff, Tina Johnson, (hereinafter "Plaintiff" or "Ms. Johnson") filed the present action against regarding allegations and injuries concerning a collision that occurred on October 27, 2020, in Orange, Texas.  Ms. Johnson has alleged that when she slowed for a truck that had entered the interstate from the travel center, she was forcefully struck from the rear by a truck being driven by Defendant David Herbert (hereinafter "Herbert") while he was acting in the scope of his employment with Defendant Intracoastal Liquid Mud (hereinafter "ILM").  This matter was initially filed in the district court in Orange County, Texas against Defendants

Intracoastal Liquid Mud, Inc. and David Herbert.  Defendant Amazon Logistics, LLC was added as a defendant sometime after the Plaintiff's petition was initially filed.  Defendant Kendrick Transport was added as a defendant in this matter in approximately August of 2022, in Plaintiff's Third Amended Petition after some of the discovery had already been conducted.

The Plaintiff contends that Kendrick Transport was involved in the collision that she had with Defendant David Herbert on October 27, 2020, as a truck that was identified that had entered Interstate 10 in front of the Plaintiff, Tina Johnson.  Tina Johnson collided with the truck that entered the interstate in front of her, in a manner which she described as safely, after Defendant David Herbert collided with the Plaintiff from behind and pushed the Plaintiff into the front truck.

The Plaintiff's reliance on the allegation that Kendrick Transport was involved in this collision seems to two-fold.  First, David Herbert identified the truck that had entered Interstate 10 safely in front of Ms. Johnson as a truck that was hauling an Amazon trailer.  Mr. Herbert also volunteered a description of the cab of the truck to the trooper that had arrived at the scene as being a blue-stand up conventional sleeper truck.  The second basis which the Plaintiff seems to base her contention on that Kendrick Transport was involved in this collision was provided at a much later date through information that was provided by counsel for Defendant Amazon Logistics. The evidence that has been presented in this matter specifically regarding the specific information that Defendant Amazon Logistics has is that Kendrick Transport was in the area when the collision occurred, but there is no evidence that Kendrick Transport was involved in the collision with Tina Johnson. There has been evidence presented that Kendrick Transport was not involved in this collision.  Furthermore, the Plaintiff contends that she was injured as a result of that collision and that Kendrick Transport and/or its driver is liable for those injuries,

which Kendrick Transport disputes.

D.  CONTENTIONS OF THE PARTIES

Plaintiff: Plaintiff asserts that Defendant Kendrick is liable to her under the theory of negligence due to the conduct of its driver, Todd Goodheart, in causing and contributing to the subject incident. Plaintiff asserts that Defendant Amazon is liable to her under the theory of negligence for its lack of due diligence in the selection of its independent contractor, Defendant Kendrick.

Amazon Logistics: Defendant Amazon asserts that it did not cause or contribute to the incident made the basis of this lawsuit. Amazon contends Defendants Herbert/Intracoastal were solely responsible for the accident as Defendant Herbert was speeding in a construction zone. Further, Amazon contends that it was not negligent in its selection of an independent contractor as Defendant Kendrick and its driver, Goodheart, were competent, careful, and safe independent contractors. Finally, Amazon contends that it was not it was not negligent as neither Defendant Kendrick nor its driver, Goodheart, did not cause this accident and were not negligent in their conduct.

Kendrick Transport:  It is the position of Kendrick Transport that it was not involved in the collision with Tina Johnson and David Herbert on October 27, 2020.  There is no evidence or admissible testimony that Kendrick Transport was involved in this collision nor is there any evidence or admissible testimony that Kendrick Transport or any of its employees/drivers is negligent for any of the injuries complained of by the Plaintiff, Tina Johnson.

E.  STIPULATIONS AND UNCONTESTED FACTS

1. On October 27, 2020 Plaintiff Johnson was involved in an automobile accident.
2. The accident happened near the exit from the Texas Welcome Center/Orange Travel Center on I-10 Westbound.
3.  The speed limit on I-10 Westbound near the exit from the Texas Welcome Center/Orange Travel Center is 65 miles per hour.
4. Plaintiff was not contributorily negligent.
5. On October 27, 2020, Goodheart was employed by Defendant Kendrick and operating within the course and scope of said employment.
6. On October 27, 2020, Defendant Kendrick was hauling a trailer on behalf of Defendant Amazon pursuant to a written carrier agreement.

7.  Kendrick was an independent contractor hauling on behalf of Defendant Amazon.

8.  Defendant Amazon owned the trailer on the commercial tractor/trailer combination that exited the Texas Welcome Center involved in the subject incident.

9.  The portion of the highway where the subject incident occurred was under construction with concrete barriers placed on the side of the roadway.

10. On October 27, 2020, Goodheart held a valid CDL.

11. Plaintiff was taken from the scene via EMS.

12. Goodheart utilized the Amazon Relay app on October 27, 2020.

13. Amazon asset no. AZNG-V505258 was being hauled by Goodheart/Kendrick on October 27, 2020.

14. On October 27, 2020, Defendant Herbert was employed by Defendant Intracoastal and operating within the course and scope of said employment.

15. On October 27, 2020, Defendant Herbert was driving an 18-wheeler and hauling a tank loaded with drilling mud.

16. The 18-wheeler driven by Defendant Herbert collided with the rear end of Plaintiff's vehicle and that initial impact of the rear-end collision pushed her vehicle into the rear of the 18-wheeler traveling in front of her vehicle.

F.  CONTESTED ISSUES OF FACT AND LAW

1.  Whether Goodheart/Kendrick were hauling the subject Amazon trailer involved in the subject incident.

2.  The subject accident occurred around 1:31 pm CST.

3.  The Amazon trailer involved is identified by ID No. AZNG-V505258 (otherwise known as the "subject Amazon trailer.").The subject Amazon trailer was equipped with an operable GPS tracking device.

5.  The GPS data places the subject Amazon trailer can be placed at the scene of the accident at the time of the subject incident.

6.  The Amazon Relay app GPS data places Goodheart at the Texas Welcome Center at 1:26 p.m. and 1:31 p.m. on October 27, 2020.

7.  Goodheart entered in his logs that he was leaving the Texas Welcome Center at 1:30 p.m. CST on the day of the subject incident in his driving logs.

8.  Immediately prior to the accident, Defendant Herbert was traveling immediately behind Plaintiff Johnson's vehicle and was traveling at speeds between 68 and 72 miles per hour.

9.  Whether Goodheart/Kendrick were negligent in causing or contributing to the subject incident.

10. Whether Goodheart/Kendrick was negligent in the operation of the vehicle involved in the subject incident.

11. Whether Amazon was negligent in causing or contributing to the subject incident.

12. Whether Amazon was negligent in the selection of Kendrick as its independent contractor and whether such negligence was a proximate cause of the accident.

13. The apportionment of responsibility among any Defendants whose negligence is found to be a proximate cause of the accident.

14. A driver entering the highway has a duty to yield the right of way to vehicles already on the highway.

15. Defendants Herbert and Intracoastal were negligent and such negligence was a proximate cause of the accident.

16. The nature, extent, and cause of any past or future injuries and disability.

17. The amount of damages, if any, to which Plaintiff is entitled.

18. Whether Plaintiff will require future medical care.

19. The nature and extent of any vocational losses experienced by Plaintiff.

20. Plaintiff's past lost wages and future loss of earning capacity, if any.

21. The credibility of all witnesses.

## Kendrick Contentions

1. Plaintiff Tina Johnson has failed to provide evidence to satisfy her burden of proof regarding her claims of negligence, gross negligence, negligent supervision, retention and hiring, negligent entrustment against Kendrick Transport and Defendant Doe. Plaintiff's Third Amended Petition, ¶ 16, 20, 21, 22, 23.[1]

2. Plaintiff Tina Johnson has failed to establish that Defendant Kendrick and Defendant Doe are liable to her for her injuries and damages. Plaintiff's Third Amended Petition, ¶ 16, 20, 21, 22, 23.

3. Defendant John Doe is the unidentified driver of the Amazon Logistics, Inc. and/or Kendrick Transport, LLC truck involved in this accident. Plaintiff's Third Amended Petition, ¶ 11.

4. An 18-wheeler owned and operated by Defendant Kendrick Transport, LLC and efendant Doe unsafely merged into Plaintiff's Lane immediately in front of Plaintiff. Plaintiff's Third Amended Petition, ¶ 13.

---

[1] Plaintiff made a statement that she intended to dismiss the causes of action against Kendrick Transport regarding the claims she asserted for gross negligence, negligent supervision, retention, and hiring as well as negligent entrustment against Kendrick Transport and Defendant Doe. The Plaintiff did not provide any evidence in response to Defendant Kendrick Transport's motion for summary judgment that is pending before the court, but the Plaintiff has also not filed a non-suit regarding these asserted causes of action.

5.  Defendant Doe was unlicensed, incompetent and/or reckless. Plaintiff's Third Amended Petition, ¶ 21.

6.  As Ms. Johnson came across the bridge heading westbound on I-10 and was looking at the welcome center, she noticed a blue truck that was trying to merge onto the highway. Deposition of Tina Johnson, Ex. 1 at 28:12-20, 84:9-13.

7.  The blue truck was leaving the Orange Travel Information Center and entering the highway just before the accident. Deposition of Tina Johnson, Ex. 1 at 32:14-33:6.

8.  When Ms. Johnson first spotted the blue truck, the truck was at the very end of the entrance onto the highway and Ms. Johnson observed the blue truck for a minute or two minutes. Deposition of Tina Johnson, Ex.1 at 86:17-87:2, 31:12-32:10.

9.  Ms. Johnson let her car slow down naturally as she came down the ramp, she did not have to slam on her brakes and she was able to see the tires of the truck that had entered onto the interstate Deposition of Tina Johnson, Ex. 1 at 87:6-11, 17-23.

10. If Ms. Johnson had not been struck from behind, she would not have made contact with the blue truck. Deposition of Tina Johnson, Ex. 1 at 87:24-88:9.

11. Ms. Johnson believed that the blue truck had entered the highway safely and did not do anything wrong. Deposition of Tina Johnson, Ex. 1 at 88:10-23.

12. Ms. Johnson made contact with the blue truck when she was pushed into him, he did not make contact with her. Deposition of Tina Johnson, Ex. 1 at 88:24-89:3.

13. Mr. Herbert testified that Ms. Johnson did not do something to cause nor did she fail to do something that caused the accident. Deposition of David Herbert, Ex. 2 at 64:24-65:3.

14. Mr. Goodheart testified that he was not involved in an accident on October 27, 2020, and if he had been involved in an accident, he would have recalled it. Deposition of Todd Goodheart, Ex. 3 at 34:2-20; 51:6-52:3.

15. In October of 2020, Mr. Goodheart was driving a 2016 Freightliner that was "candy apple red" or red in color. Deposition of Todd Goodheart, Ex. 3 at 40:22-41:1; 63:19-20; Deposition of Brian Kendrick, Exhibit 4, at 18:19-24, 85:14-21.

16. Since its inception, Kendrick Transport has never owned a blue-stand up conventional sleeper truck or a blue truck at all. Deposition of Brian Kendrick, Exhibit 4, at 85:22-86:14.

17.  The police report for the collision between Ms. Johnson and Mr. Herbert details the time of the accident at 1351 on October 27, 2020. Deposition of David Herbert, Exhibit 7, at 61:13-18.

18.  The driving logs for Todd Goodheart on October 27, 2020, show him leaving the travel center at approximately 1:30 p.m. Central time. Deposition of Brian Kendrick, Exhibit 4 at 47:14-48:3, 60:1-13.

19.  Mr. Sandefur testified that the individual that identified the asset is not within his organization, it was someone on another team, which he did not know the name of but he refers to them as the "tech team". Depo of Ryan Sandefur, at 20:19-23; 20:24-21:7; 88:23-89:9; 90:1-14; 91:1-5; 159:16-23.

20.  Mr. Sandefur was not able to provide details of what was asked for in those two different searches for the Amazon asset because they were not initiated by him. Depo of Ryan Sandefur, at 26:17-27:5.

21.  Mr. Sandefur testified that he was unable to provide information that it was Kendrick Transport that was involved in the incident that is made the basis of the subject matter of this suit. Depo of Ryan Sandefur, at 74:9-17.

22.  Mr. Sandefur testified that the GPS system that is on the Amazon asset only has the ability to inform Amazon the longitude and latitude of something and it is not able to recognize when an Amazon asset is involved in a collision. Depo of Ryan Sandefur, at 111:7-10; 111:15-21.

23.  Mr. Sandefur was unable to provide any testimony about who was involved in a collision and admitted it was outside the scope of this knowledge. Depo of Ryan Sandefur, at 121:17-23.

24.  Mr. Sandefur testified that if an Amazon asset did not have a GPS tracking device and the driver was not using the Amazon Relay App, there would be no way for Amazon to track that individual or asset. Depo of Ryan Sandefur, at 168;13-169:2.

25.  Mr. Sandefur was unable to provide a percentage of the Amazon trailer assets that had onboard GPS systems on October 27, 2020, and he testified that it was possible that on the day of the collision, an entirely untracked Amazon trailer asset could have gone through that area from the hours of 1 p.m. to 2 p.m. Depo of Ryan Sandefur, at 169:25-170:8; 169:4-17.

26.  Mr. Herbert confirmed the information that he had provided to the state trooper immediately after the collision with Ms. Johnson that the truck that had entered the interstate in front of Ms. Johnson was an Amazon trailer that was being pulled by a

blue stand-up conventional sleeper truck. Depo. of David Herbert, 9/6/2023, at 17:11-14.

27.  Mr. Herbert testified that there was nothing in the body camera footage that was shown to him during his deposition that he disputed and then he had always been honest in his dealings with law enforcement. Depo. of David Herbert, 9/6/2023, at 8:11-18, 19:11-14.

28.  Mr. Herbert confirmed that after being given an opportunity to review the body camera footage, he was able to recall that Ms. Johnson did not collide with the Amazon trailer before he collided with her and then pushed her into the Amazon trailer. Depo. of David Herbert, 9/6/2023, at 39:15-40:3.

29.  Mr. Herbert testified that his memory was refreshed about the color of the truck that was pulling the Amazon trailer and that the truck was a blue stand-up conventional sleeper truck. Depo. of David Herbert, 9/6/2023, at 81:15-82:17, 82:22-83:3, 83:15-22, 85:3-12

30.  Mr. Herbert testified that there was nothing that impaired his ability to be able to determine that the color of the truck was blue, that red and blue were different colors and that he is not colorblind. Depo. of David Herbert, 9/6/2023, at 86:4-20.

G.  LIST OF WITNESSES

**Plaintiff:**

Will Call:

1.  Tina Johnson

2.  Family/Friend

3.  Eric Charles Williams

4.  Todd Goodheart

5.  Brian Kendrick

6.  Ryan Sandefur

7.  David Herbert

8.  Troy Mallett

9.  Bryan Corb

10. Roger Allen

11. Masaki Oishi

12. Jeff Peterson

13. Ken McCoin

14. Sasha Iverson

May be presented by Depo:

1. David Herbert

2. Ryan Sandefur

3. Todd Goodheart

4. Brian Kendrick

5. Troy Mallet

## Defendant Amazon Logistics

Will Call:

1. Todd Goodheart

2. Brian Kendrick

3. Ryan Sandefur

4. David Herbert

5. Troy Mallett

6. Howard B. Cotler, M.D.

7. Leonard Hershkowitz, M.D.

8. Helen Reynolds Ph.D.

9. Kacy Turner MS, CRC, CVE, CLCP

10. Susan Rapant, MA, CRC, CDMS, CCM, CVE, ABVE/D

11. Keith Austin Lepak, M.D.

12. Elizabeth Jones, M.D.

13. Siddharth Vijay Aranke, M.D.

14. Neil Badlani, M.D.

15. Ricky Merritt, R. Ph.

16. Dr. Heather M. Linn

17.  Dr. Thomas Cartwright.

May Call:

1. Paula Nobles

2. Ruth Jackson

May be presented by Depo:

1. David Herbert

2. Ryan Sandefur

3. Todd Goodheart

4. Brian Kendrick

5. Troy Mallet

**Kendrick Transport**

Live at the time of trial:

1.    Tina Johnson

2.    Brian Kendrick

3.    Todd Goodheart

4.    Ryan Sandefur

5.    Dr. Howard Cotler

6.    Dr. Leonard Hershkowitz

7.      Dr. Helen Reynolds

8.      Kacy Turner

9.      Susan Rapant

10.     Dr. Keith Austin Lepak

11.     Dr. Elizabeth Jones

12.     Dr. Siddarth Vijay Aranke

13.     Dr. Neil Badlani

14.     Ricky Merritt, R. Ph.

15.     Dr. Heather M. Linn

16.     Dr. Thomas Cartwright.

17.     Kendrick Transport intends to present these witnesses live at the time of trial. In the event that these witnesses are not available live, Kendrick Transport has designated page line testimony from certain depositions that have been filed. Kendrick Transport intends to call at the time of trial expert witnesses that have provided controverting affidavits regarding the medical bills of the Plaintiff that she alleges are the result of the injuries and treatment she sustained through the collision made the basis of this matter.

Through Deposition Testimony at the time of trial:

18.     Todd Mallett, a corporate representative of Intracoastal Liquid Mud, LLC

19.     David Herbert, an employee of Intracoastal Liquid Mud, LLC

20.     Tina Johnson (prefer live testimony but page lines have been designated)

May Call at the Time of Trial:

21.     Paula Nobles

22.     Ruth Jackson.

23.     To the extent that the following witnesses are not called live to testify at the time

of trial, Defendant Kendrick Transport expects to call the following witnesses through the deposition testimony and specific page line designations that have been designate and provided to the parties as follows: Tina Johnson; David Herbert; Corporate Representative for Defendant Intracoastal Liquid Mud, Inc, Todd Mallet; Amazon Logistics designated corporate representative, Ryan Sandefur; Dr. Leonard Hershkowitz; Brian Kendrick and Todd Goodheart. Copies of the page line designations regarding the testimony from these witnesses has been filed with the court and provided to parties on behalf of Kendrick Transport.

Each party shall set forth a separate list of witnesses who (1) will be called to testify at trial; (2) may be called to testify at trial, and (3) may be presented by deposition testimony at trial. Those portions of the depositions that may be offered into evidence at trial shall be listed by page and line number.

H. LIST OF EXHIBITS

Counsel should fill out and submit to the Court an exhibit list containing the information in the form available on the Court's website, located at www.txed.ucourts.gov.

I. PENDING MOTIONS

1. Plaintiff's Motion to Strike Defendant Kendrick's Notice of Filing and Joinder of Defendant Amazon's Designation of Experts
2. Defendant Kendrick's Motion to Compel Discovery from Defendant ILM
3. Defendant Kendrick's Motion to Strike, or in the Alternative, to Exclude Certain Deposition Testimony of Roger Allen
4. Defendant Kendrick's Supplemental Motion for Summary Judgment
5. Defendant Amazon's Motion for Summary Judgment
6. Plaintiff's Motion in Limine
7. Defendant Amazon's Motion in Limine Defendant Kendrick's Motion in Limine

J. PROBABLE LENGTH OF TRIAL

The probable length of trial is **1 O** day(s).

K. LIMITATIONS

The parties shall set forth any limitations agreed upon or ordered by the Court at or after the management conference, such as a time limit on the length of trial, limitations on the number of experts a party may call, limitations on the length of video depositions, the use of deposition summaries, etc.

L. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

    a.   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

    b.   Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

    c.   Each exhibit in the List of Exhibits herein:

        i.   is in existence;

       ii.   is numbered; and

      iii.   has been disclosed and shown to opposing counsel.


Attorney(s) for Plaintiff(s): ————————————————

Michael E. Pierce
Kyle W. Chapel
PIERCE SKRABANEK PLLC
24 Greenway Plaza, Ste. 500
Houston, Texas 77046
*Counsel for Plaintiff Tina Johnson*

Attorney(s) for Defendant(s):————————————————

John Bridger
Teylor Mark
WILSON ELSER MOSKOWITZ LLP
909 Fannin St., Ste. 3300
Houston, Texas 77010
*Counsel for Defendant Amazon Logistics, Inc.*


Attorney(s) for Defendant(s):————————————————

Gregg S. Weinberg
Laura M. Cabutto
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056
*Counsel for Defendant Kendrick Transport LLC*


(Note: An attorney of record may sign and certify this order on behalf of opposing

counsel "with permission.")


This Joint Pre-Trial Order is hereby approved this⸺ day of [month], [year].



_____

United States District Judge



(Note: Where additional parties are joined or intervene pursuant to Rules 14, 19 and 24 of the Federal Rules of Civil Procedure, the style of the case and the various sections of the pre-trial order should be modified to reflect the additional parties and information pertaining to them).