IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **TINA JOHNSON** <br> *Plaintiff* <br><br> **vs.** <br><br> **DAVID THOMAS HERBERT AND INTRACOASTAL LIQUID MUD, INC.** <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CIVIL ACTION NO. 1:22-cv-00411** |

### DEFENDANT AMAZON LOGISTICS, INC.'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant AMAZON LOGISTICS, LLC, respectfully files this Motion in Limine and request that the Court, before trial and the selection of a jury, instruct Plaintiff's counsel, Plaintiff, and their witnesses to refrain from making any mention whatsoever, direct or indirect, or allusion to, or interrogation on, any of the matters set forth below without first approaching the bench, and obtaining a ruling, both out of the hearing and presence of the jury, with respect to the admissibility of the matters referred to below. Defendant also requests that the Court instruct each witness to strictly follow these same instructions. Defendant reserves the right to supplement this Motion in Limine as necessary.

1. Plaintiff be prohibited from repeating her liability expert's opinions, whether on direct examination or in response to cross-examination. Plaintiff is not qualified to offer such opinions. Further, Plaintiff relaying such opinions is impermissible hearsay.

GRANTED: _____

REFUSED: _____

2. Plaintiff be prohibited from repeating her medical expert's opinions, such as diagnoses and prognoses, whether on direct examination or in response to cross-examination. Plaintiff is not qualified to offer such opinions. Further, Plaintiff relaying such opinions is impermissible hearsay and are not within the exception of FED. R. EVID. 803(4), which is "limited to 'statements made by the patient to the doctor not the reverse.' *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985)." *Zavislak v. Netflix, Inc*., Case No. 5:21-cv-01811-EJD, 2023 U.S. Dist. LEXIS 176552 (N.D. Cal. September 29, 2023). *See also Phillips v. Troy Indus.,* Cause No.: 3:13CV272-SA-JMV, 2015 U.S. Dist. LEXIS 35843 (N. D. Miss. March 23, 2015)(gathering cases).

GRANTED: _____

REFUSED: _____

3. Plaintiff's liability experts Corb and Truss be prohibited from expressing opinions beyond those stated in their reports as such is prohibited by Rule 26. Neither Corb nor Truss was deposed. Neither mentioned any issue or criticism of Amazon and should be precluded from doing so at trial.

GRANTED: _____

REFUSED: _____

4. Any attempt by Plaintiff, whether directly or through fact or expert witnesses, to offer evidence of Goodheart's prior arrests and convictions (Goodheart Depo. at 16), tickets or suspensions of his private license (Goodheart Depo. at 17), or unrelated tickets on his CDL license (Goodheart Depo. at 25-26) as the same are irrelevant, attenuated in time, and, to the extent they have any marginal relevance, such relevance is outweighed by the prejudice. FED. R. EVID. 401, 403, and 609. Specifically, Goodheart had two DUI's over 30 years ago when he was in his late teens or early 20's. This resulted in private license being suspended at the time. Since Then, he had one ticket for a seatbelt violation and one speeding ticket circa 2018-2019.

GRANTED: _____

REFUSED: _____

5.    Any testimony regarding a Kendrick Transport other than the Kendrick Transport at issue. Amazon would note that there are at least four Kendrick Transports. The only Kendrick Transport at issue is Kendrick Transport LLC, 2237 Willow Creek Dr., Newton, North Carolina 28658, DOT No. 1815312.

GRANTED: _____

REFUSED: _____

6.    Any attempt by Plaintiff to introduce Amazon's requirements for or screening/vetting process of independent contractor motor carriers other than the Kendrick Transport at issue. Such requirements, screening, or vetting is irrelevant. Whether any other independent contractor motor carrier is or is not competent is equally irrelevant to the only cause of action in this case. Attempting to show some other motor carrier may not have been competent has not probative value, but is highly prejudicial, particularly when Plaintiff has acknowledged Kendrick Transport's and Goodheart's competence by agreeing to withdraw the negligent entrustment claims against them. *See* FED. R. EVID. 401 and 403 and Plaintiff's Response to Defendants Kendrick Transport LLC's and John Doe's Supplemental Motion for Summary Judgment at 5 Fn. 13 (Plaintiff does, however, agree to drop her claims for gross negligence as well as negligent entrustment, supervision, retention, and/or hiring.").

GRANTED: _____

REFUSED: _____

7.    Any attempt by Plaintiff to use Goodheart's "admissions" predicated on Johnson claiming she "spiked her brakes" as the claim lacks a foundation given that Plaintiff Johnson testified to the contrary in her deposition. Goodheart Depo. at 44-47; Johnson Depo. at 87:3-23 (saying she had enough time to slow down naturally and maintain a good distance between herself and the Kendrick Truck; she did not slam on her brakes). Without the underlying predicate, such examination is improper.

GRANTED: _____

REFUSED: _____

8.    Any attempt by any party to use Goodheart's testimony regarding Amazon performing post-trip inspections on trailer as he lacks personal knowledge. Specifically, Goodheart stated: "I would imagine they -- they inspect it to make sure it's road ready for the next driver that hooks up to it." Goodheart Depo. at 63. The testimony lacks a foundation and is admittedly speculation.

GRANTED: _____

REFUSED: _____

9. Any attempt by Plaintiff, whether directly or through fact or expert witnesses, to offer the opinions and conclusions of the Investigating Officer or the conclusions contained in the Accident Report (including the Narrative and Contributing Factors) without live or deposition testimony. "When, as here, the investigating officer is not deposed, does not testify at trial, and nothing is offered in the way of qualifications, opinion testimony regarding causation may properly be deemed inadmissible." *Griffin v. Carson*, No. 01-08-00340-CV, 2009 Tex. App. LEXIS 3843, at *9 (Tex. App.—Houston [1st Dist.] May 28, 2009); *see Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 892 (Tex. App.--Texarkana 2004, pet. denied) (finding evidence inadmissible hearsay because officer was not expert in accident reconstruction); *Ter-Vartanyan v. R.R. Freight, Inc.*, 111 S.W.3d 779, 781-82 (Tex. App.--Dallas 2003, pet. denied) (discussing police officer's qualifications to give opinion about cause of accident). Here, the investigating officer has not been deposed and has not been qualified as an expert in accident reconstruction. Further, there is no hearsay exception for conclusions and opinions contained in a public record under FED. R. EVID. 803(8)(A)(iii). Therefore, the Court should exclude all portions of the Accident Report that are not "factual findings," including all analysis, conclusions, opinions, causation, and contributing factor determinations. *See generally Ochoa v. Progressive Pipeline Constr., LLC,* Civ. No. SA-13-CA-122-FB 2014 U.S. Dist. LEXIS 190009, *9-10 at Fn. 2 (W. D. Tex. May 29, 2014). Further, under the circumstances (Plaintiff Johnson was taken to the hospital after only a cursory interview and the lead truck did not stop), the Narrative and Contributing Factors are based entirely upon Defendant Herbert's statement to the officer, which are self-serving and hearsay. Defendant Herbert has been deposed and his testimony should be examined by the jury, not the version he presented to the investigating officer

GRANTED: _____

REFUSED: _____

10. Any reference that Defendants are covered by some form of liability **insurance** with respect to the incident in question, for the reason that such fact is entirely immaterial to any issue in this cause and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to Defendants. FED. R. OF EVID. 411.

GRANTED: _____

REFUSED: _____

11. Whether or not any of the jurors or witnesses is in any way protected or has been insured by any **insurance** company, for the reason that such matters are irrelevant and immaterial to the matters to be considered by the jury, but the mere mention thereof would be so highly inflammatory and prejudicial as to deprive Defendants of a fair trial.

GRANTED: _____

REFUSED: _____

12. Inquiring whether any **juror has any connection with the insurance industry** for the reason that the mere mention thereof would be so highly inflammatory and prejudicial as to deprive Defendants of a fair trial. Defendants would point out to the Court that if Plaintiff's counsel is sincerely interested in determining whether or not there is any such connection for purposes of exercising his strikes, he can do it by asking each individual juror his occupation and past occupations, and that of those of his household, which will provide the relevant information and at the same time avoid harming Defendants by interjecting insurance into the case. FED. R. OF EVID. 411.

GRANTED: _____

REFUSED: _____

13. Any mention that Defendant's counsel or its law firm regularly represents insurance companies or clients insured by insurance companies or works in "**insurance defense**" for the reason that such fact is entirely immaterial to any issue in this cause and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to Defendant.

GRANTED: _____

REFUSED: _____

14. That there is or may be additional evidence not before the jury which bears on the case.

GRANTED: _____

REFUSED: _____

15. Inquiring of Defendant's counsel the names of witnesses that Defendants may or may not call. Defendants cannot know for sure who they will or will not call until they have heard the Plaintiff's case. To allow such improper conduct can make it appear that Defendant has something to hide which would unduly prejudice the jury by injecting a matter before them which they will not be called to pass upon thereby denying Defendant to a fair and impartial trial.

GRANTED: _____

REFUSED: _____

16. References to the failure of a party to call any witness equally available to it.

GRANTED: _____

REFUSED: _____

17. References concerning what would have been the **testimony of any witness not called**.

GRANTED: _____

REFUSED: _____

18. Offer or attempt to offer testimony from any witnesses not timely disclosed in responses to requests for disclosures.

GRANTED: _____

REFUSED: _____

19. Offer or attempt to offer testimony from any experts not timely disclosed in responses to requests for disclosures.

GRANTED: _____

REFUSED: _____

20. Offering or attempting to offer any **statements or reports from witnesses** into evidence, without proper predicate.

GRANTED: _____

REFUSED: _____

21. The reading of any excerpt or **playing by video** of any excerpt from any deposition taken in this case until such time as the Court has had an opportunity to determine the admissibility and rule upon any objections Defendants might have to such testimony.

GRANTED: _____

REFUSED: _____

22. That counsel for Plaintiffs be precluded from arguing that defense counsel has limited the selection of deposition testimony or "cherry-picked" deposition testimony in order to distort the true meaning of the testimony, as counsel for Plaintiffs has the opportunity under Rule 106 of the Federal Rules of Evidence to offer the complete testimony. To allow such argument by counsel effectively comments on the evidence and comments on testimony from an equally available witness.

GRANTED: _____

REFUSED: _____

23. Offering into evidence any document, other exhibit, or previously prepared demonstrative aid which was requested but has not been previously produced in response to any discovery request by Defendants.

GRANTED: _____

REFUSED: _____

24. That should Plaintiffs wish to introduce any **photographs or motion picture film** or other tangible document into evidence, the same be tendered to the Court and opposing counsel outside the presence of the jury and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence.

GRANTED: _____

REFUSED: _____

25. **Requests that Defendant's counsel produce any information or documents in his file** or make any statement or request in the presence of the jury for Defendant to produce their file or make any reference to the location of Defendant's file, Defendant's willingness to produce such file for inspection, or any other reference to such file, in that such requests are improper and if such items were desired they should have been sought through the discovery process, and to allow this to proceed during the course of the trial would place Defendant in a position before the jury of appearing to have something to hide.

GRANTED: _____

REFUSED: _____

26. Any mention, suggestion, reference to, statement or attempt to offer into evidence that Defendants destroyed or "spoliated" evidence with regard to any documents relevant to this lawsuit.

GRANTED: _____

REFUSED: _____

27. Showing any documents, **photographs or visual aids** to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

GRANTED: _____

REFUSED: _____

28. References to **settlement offers or negotiations** (FED. R. EVID. 408).

GRANTED: _____

REFUSED: _____

29. Any evidence regarding any statements made by any attorney as it relates to any demands or response to any demands in this case.

GRANTED: _____

REFUSED: _____

30. Any evidence regarding any attorney/client communications.

GRANTED: _____

REFUSED: _____

31. Asking questions to Defendant's counsel in front of the jury.

GRANTED: _____

REFUSED: _____

32. The fact that Defendant's counsel has refused or declined to **stipulate** to any matters or evidence.

GRANTED: _____

REFUSED: _____

33. That the Court prohibit side-bar remarks and comments of counsel of one side not addressed to the Court, while counsel for the other side is examining witnesses, arguing questions to the Court, or addressing the Jury.

GRANTED: _____

REFUSED: _____

34. Any inquiry as to whether or not Defendant and Defendant's representatives, employees or agents have ever been charged with and/or convicted of any misconduct or **criminal activity**. FED. R. CIV. EVID. 609. Specifically, that Plaintiffs shall not make any reference whatsoever to any criminal charges and/or charges which have not been found fully admissible by this Court as Felony Convictions or Misdemeanor Convictions involving Moral Turpitude, and that such admissibility be determined outside the presence of the jury. *See* FED. R. CIV. EVID. 609.

GRANTED: _____

REFUSED: _____

35. That this Motion has been filed, or any ruling by the Court in response to this Motion, or any suggestion or inference to the jury that Defendants have moved to prohibit proof or that the Court has excluded proof of any particular matter, nor that Plaintiff or Defendants are prohibited or unable to introduce any proof, even if the reason is unspecified.

GRANTED: _____

REFUSED: _____

36. Make any reference to the Court's rulings on any of the pretrial motions or matters previously filed herein, including, but not limited to Amazon's Motion for Summary Judgment.

GRANTED: _____

REFUSED: _____

37. Mentioning or referring to specific facts about this case and asking questions based upon facts of this case and asking potential jurors questions as to what they would or would not do based upon the facts or anticipated evidence of this case.

GRANTED: _____

REFUSED: _____

38. That no witness or opposing counsel make reference to any statement of any venireman after the close of *voir dire*.

GRANTED: _____

REFUSED: _____

39. Any questioning of prospective jurors during voir dire attempting to commit them to award a specific amount of damages "if the evidence supported or justified it" should not be allowed. The general rule is that it is improper to ask prospective jurors what their verdict would be if certain facts were proved.

GRANTED: _____

REFUSED: _____

40. Defendants further specifically moves the Court to instruct counsel to refrain from interrogating the jury panel as to whether they would answer an issue on damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry, for the reason that same improperly injects the implication of insurance into the suit, and further moves the Court to instruct counsel not to make any such reference in jury argument of similar import. FED. R. EVID. 411.

GRANTED: _____

REFUSED: _____

41. References to the size and financial condition or wealth of the Defendants or ability of the Defendants to pay any judgment herein.

GRANTED: _____

REFUSED: _____

42. Offering or attempting to offer any statements or suggestions that the Plaintiff is poor or is struggling to make ends meet or are in great **financial hardship**.

GRANTED: _____

REFUSED: _____

43. Any opinion by any lay witness as to the amount of expenses for medical treatment incurred by the Plaintiff, and whether Plaintiff's medical treatment was reasonable and necessary. Said witnesses must first be qualified as expert witnesses. FED R. EVID. 702.

GRANTED: _____

REFUSED: _____

44. That any recovery by the Plaintiffs would be subject to federal income taxation. Pursuant to Tex. Civ. Prac. & Rem Code Sec. 18.091(b) the Court is to instruct the jury that any such recovery is not subject to state or federal income tax.

GRANTED: _____

REFUSED: _____

45. Any mention, suggestion, reference to, statement or attempt to offer into evidence a request for damages on items not supported by direct, documentary evidence.

GRANTED: _____

REFUSED: _____

46. Any mention, suggestion, reference to, statement or attempt to offer into evidence any damages whose amount and method of calculation has not been timely disclosed in response to Defendant's discovery requests.

GRANTED: _____

REFUSED: _____

47. Any mention, suggestion, reference to, statement or attempt to offer into evidence any testimony or documentation that out of any recovery, Plaintiff is to **pay her attorneys**.

GRANTED: _____

REFUSED: _____

48. That Plaintiff or her counsel make no reference to, mention of, or use in any form, a **Golden Rule** Argument or request that the jurors put themselves in the Plaintiff's shoes.

GRANTED: _____

REFUSED: _____

49. Any testimony from a lay witness regarding accident reconstruction, physics, biomechanical analysis, or opinions in support of or rebuttal to the expert opinions. Matters regarding accident reconstruction, physics, and biomechanics are outside the realm of lay knowledge and must be supported by expert testimony from a qualified expert witness. FED. R. EVID. 702.

GRANTED: _____

REFUSED: _____

Defendant Amazon adopts by reference Defednant Kendrick's Motion in Limine [91].

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court enter their Order on Defendant AMAZON LOGISTICS, LLC's Motion in Limine requiring the Plaintiff and her respective witnesses and attorneys to refrain from mentioning or bringing out in any manner such matters at any time during the trial of this cause in the presence of the jury without first taking the matter up with the Court to fairly protect the rights of Defendant AMAZON LOGISTICS, LLC.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ John Bridger*
JOHN BRIDGER
Texas Bar No. 02975860
John.Bridger@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEY FOR DEFENDANT AMAZON LOGISTICS, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 12th day of October, 2023.

*/s/ John Bridger*
JOHN BRIDGER