IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TINA JOHNSON, | § |
| *Plaintiff*, | § § § |
| v. | §   CIVIL ACTION NO. 1:22-CV-00411 |
| DAVID THOMAS HERBERT, et al., | § § § |
| *Defendants*. | § |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT KENDRICK TRANSPORT, LLC'S MOTION IN LIMINE

Plaintiff Tina Johnson files this Objections to Defendant Kendrick Transport, LLC's Motion in Limine and respectfully requests the limines listed below not be entered.

Plaintiff objects to the following items in Defendant Kendrick's Motion in Limine:

- Plaintiff objects to No. 3 in that any sources of potential bias from any witness, juror, or any other individual involved is a valid source of concern and ripe for probing.

- Plaintiff objects to No. 6 to the extent it would seek to limit any evidence that was produced in discovery or otherwise whose utilization would not prejudice any party.

- Plaintiff objects to No. 8 to the extent that it would prohibit the holders of privilege to exercise their right to waive privilege.

- Plaintiff objects to No. 10 as overly broad as worded. All evidence presented and argument of counsel is inherently designed to effect the outcome of how jurors answer the questions in the charge.

- Plaintiff objects to No. 11 to the extent that it would prohibit counsel from making arguments about the duties and responsibilities imposed on those involved by the law. As written, this limine would even include such things as commenting on the speed limit of the subject stretch of highway.

- Plaintiff objects to No. 15 to the extent it would prevent Plaintiff from offering evidence or testimony regarding her economic losses or her life and condition as a result of her injuries. Plaintiff seeks to be compensated for all losses suffered as a result of her injury, economic losses are undoubtedly part of that recovery sought.

- Plaintiff objects to No. 28 in that it is vague, ambiguous, and overly broad. Moreover, it misstates the standard for the award of damages in this circuit.

- Plaintiff objects to No. 29 in that it is vague, ambiguous, overly broad, and patently false. Moreover, it misstates the standard for the award of damages in this circuit.

- Plaintiff objects to No. 31 in that goals of the legal system are to serve justice. It is unduly limiting and fundamentally antithetical to the goals of this process to suggest that invocations of the concept of justice are inappropriate.

- Plaintiff objects to No. 34 as written as it does not properly state the applicable law. As written Defendant seeks to limit evidence to only amounts *paid*, which ignores the subsequent standard of *incurred*.

- Plaintiff objects to No. 36 in that not all injuries require medical diagnosis or paperwork. An individual is competent to testify to a wide number of "injuries" that do not require medical opinions—i.e., having difficulty sleeping, feelings of anxiety, cuts, bruises, feelings of pain, etc.

- Plaintiff objects to No. 37 in that it misstates facts and seems little more than an attempt to remove a whole swath of otherwise admissible evidence. Plaintiff has incurred substantial medical bills which Defendant's experts have reviewed and opined on.

- Plaintiff objects to No. 38 as written in that it would seek to prohibit Plaintiff from offering evidence of any kind regarding her pain and suffering and/or mental anguish.

- Plaintiff objects to No. 39 as written. This limine purports to prohibit any witness, even the offering expert, from providing any testimony.

- Plaintiff objects to No. 40. A witness can testify to knowledge they possess and are subject to cross examination on those issues. Documentary evidence is not the only type of admissible evidence. As written, even Plaintiff's own physicians would be prohibited from saying that they instructed the Plaintiff to take any measure with regard to work.

- Plaintiff objects to No. 42. A witness can testify to knowledge they possess and are subject to cross examination on those issues. As written, even Plaintiff's own physicians would be prohibited from saying what they told Plaintiff.

- Plaintiff objects to No. 43. It has not been established than any insurance, Medicare, or Medicaid has been utilized to cover any bills. This limine flatly misstates applicable law and standards.

Plaintiff reserves the right to supplement these objections with objections to additional limine items or additional grounds for these limine items.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Kyle W. Chapel*
KYLE W. CHAPEL
State Bar No. 24116188
MICHAEL E. PIERCE
State Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:   michael@pstriallaw.com
         kyle@pstriallaw.com
         service@psbfirm.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, on this 19th day of October, 2023, pursuant to the Federal Rules of Civil Procedure.

*/s/ Kyle Chapel*
_____
KYLE W. CHAPEL