IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TINA JOHNSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:22-CV-00411 |
| § | |
| DAVID THOMAS HERBERT, et al., § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT AMAZON LOGISTICS, INC.'S MOTION IN LIMINE**

Plaintiff Tina Johnson files this Objections to Defendant Amazon Logistics, Inc.'s Motion in Limine and respectfully requests the limines listed below not be entered.

Plaintiff objects to the following items in Defendant Amazon's Motion in Limine:

- Plaintiff objects to No. 1 to the extent it aims to prohibit Plaintiff from testifying about her present knowledge, opinions, and understanding of facts or circumstances.

- Plaintiff objects to No. 2 in that it is overly broad as worded. The average person is able to understand and is competent to testify about what issues they were having, the treatment they received, and how they responded to that treatment.

- Plaintiff objects to No. 3 only to the extent it seeks to prohibit any witness from expressing opinions beyond the scope of their written reports when such testimony is elicited by opposing counsel.

- Plaintiff objects to No. 6 to the extent that it seeks to preclude evidence of Amazon's general screening/vetting process. Plaintiff does not intend to introduce evidence of any screening/vetting of any other contractor. Plaintiff maintains that the general screening/vetting process that Amazon uses is relevant as to the selection of Defendant Kendrick.

- Plaintiff objects to No. 7. Conflicts in testimony between witnesses are for the jury and the jury alone to resolve. The proper remedy is presentment of evidence, cross examination, and to let the jury weigh the testimony.

- Plaintiff objects to No. 12. The voir dire process is designed to allow the parties to investigate and question potential jurors for connections and forms of potential biases that could impact the outcome of the trial on matters outside of the scope of the evidence presented. Defendant's limine attempts to interject considerations of presentment of evidence into pre-trial matters.

- Plaintiff objects to No. 22. It is not improper commenting on evidence to point out incomplete testimony or to offer the context of testimony provided. This limine is little more than attempt to improperly police and limit the manner in which trial may be conducted. The purposes of justice are better served by parties being able to point out when the other is attempting to smuggle in facts without context.

- Plaintiff objects to No. 37 due to its being overly broad. Questioning potential jurors on facts and circumstances related to the case is the precise purpose of the voir dire process.

- Plaintiff objects to No. 39 to the extent that it would preclude questions about the willingness to award damages in general or certain types of damages in general.

- Plaintiff objects to No. 42 to the extent it would prevent Plaintiff from offering evidence or testimony regarding her economic losses or her life and condition as a result of her injuries. Plaintiff seeks to be compensated for all losses suffered as a result of her injury, economic losses are undoubtedly part of that recovery sought.

- Plaintiff objects to No. 43 to the extent that it would prevent Plaintiff from testifying regarding the amount of medical bills that she has personal knowledge of incurring. It takes no specialized knowledge or training to read a medical bill and is something the ordinary person would be familiar with.

- Plaintiff objects to No. 45 in that it is not in line with standing precedent and the standard for award of damages in this circuit.

- Plaintiff objects to No. 49 in that it is overly broad. There are certain matters with regard to the facts of an accident that take no specialized training or education. Ordinary persons are fully capable of discussing such matters as speed, weather conditions, etc. Plaintiff agrees that testimony requiring

expert testimony should only be offered by duly qualified experts but, as worded, this limine is overly broad.

Plaintiff reserves the right to supplement these objections with objections to additional limine items or additional grounds for these limine items.

        Respectfully submitted,

        **PIERCE SKRABANEK, PLLC**

        */s/ Kyle W. Chapel*
        KYLE W. CHAPEL
        State Bar No. 24116188
        MICHAEL E. PIERCE
        State Bar No. 24039117
        3701 Kirby Drive, Suite 760
        Houston, Texas 77098
        Telephone: (832) 690-7000
        Facsimile: (832) 616-5576
        Email:   michael@pstriallaw.com
                   kyle@pstriallaw.com
                   service@psbfirm.com
        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, on this 19th day of October, 2023, pursuant to the Federal Rules of Civil Procedure.

        */s/ Kyle Chapel*
        _____
        KYLE W. CHAPEL