IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TINA JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-00411 |
| | § | |
| DAVID THOMAS HERBERT, et al., | § | |
| | § | |
| *Defendants*. | § | |

**PROPOSED JURY CHARGE**

**I will now read to you the following instructions and definitions:**

**2.3  Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**2.4  Judicial Notice**

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].

**2.7  Charts and Summaries**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

**2.8  Demonstrative Evidence**

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

**2.11 Impeachment by Witness's Inconsistent Statements**

1

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**2.13 Deposition Testimony**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read into the record or shown to you through this trial. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**2.15 Law-Enforcement Officer Testimony**

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

**2.16 Bias—Corporate Party Involved**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Jury Charge MEMBERS:**

OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.

### 3.2  Burden of Proof: Preponderance of The Evidence

Tina Johnson has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Tina Johnson has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

### 3.3  Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### 3.4  Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### 3.5  Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those

technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### 3.6  No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### 3.7 Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Here are further instructions for answering the questions.

      1.      Do not let bias, prejudice, or sympathy play any part in your decision.

      2.      Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

      3.      You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

      4.      If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

      5.      All the questions and answers are important. No one should say that any question or answer is not important.

      6.      Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

      7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

      8.      Do not answer questions by drawing straws or by any method of chance.

      9.      Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

      10.      Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## **Definitions**

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

An occurrence may be an "unavoidable accident," that is, an event that is not proximately caused by the negligence of any party to it. (Texas PJC 3.4 - Unavoidable Accident). *Dallas Railway & Terminal v. Bailey*, 250 S.W.2d 379, 385 (Tex. 1952).

---

# QUESTION 1

---

  Did the negligence, if any, of the persons named below proximately cause the occurrence or injury in question?

Answer "Yes" or "No" for the following:

Tina Johnson              _____

David Herbert/Intracoastal Liquid Mud:    _____

Amazon Logistics, LLC:         _____

Kendrick Transport:           _____

If you have answered "Yes" to Question 1 for more than one of those named below, then answer the following question. Otherwise, do not answer Question 2.

> *The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibly attributable to any one is not necessarily measure by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answer another question.*

---

## QUESTION 2
---

What percentage of the negligence that caused the occurrence or injury do you find to be attributable to each of those listed below found by you to have been negligent?

Answer:

Tina Johnson                                              _____

David Herbert/Intracoastal Liquid Mud:        _____

Amazon Logistics, LLC:                               _____

Kendrick Transport:                                     _____


         TOTAL:                       100%

If you have answered "Yes" to Question 2 for Amazon Logistics, LLC, then answer the following question. Otherwise, do not answer Question 3.

**QUESTION 3**

Negligent entrustment requires (1) entrustment of a vehicle by the owner (2) to an unlicensed, incompetent, or reckless driver (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; and (4) the driver's negligence on the occasion in question (5) proximately caused
the accident. Williams

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

Amazon Logistics, LLC:              Answer:_____

## QUESTION 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Tina Johnson for her injuries, if any, that were proximately caused by the occurrence in question?

**15.1 Consider Damages Only If Necessary**

If Tina Johnson has proved her claim against the Defendants by a preponderance of the evidence, you must determine the damages to which Tina Johnson is entitled. You should not interpret the fact that I am giving instructions about Tina Johnson's damages as an indication in any way that I believe that Tina Johnson should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that Tina Johnson is entitled to recover money from the Defendants.

**15.2 Compensatory Damages**

If you find that the Defendants are liable to Tina Johnson, then you must determine an amount that is fair compensation for all of Tina Johnson's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Tina Johnson whole—that is, to compensate Tina Johnson for the damage that she has suffered. Compensatory damages are not limited to expenses that Tina Johnson may have incurred because of her injury. If Tina Johnson wins, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of the Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Tina Johnson proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Tina Johnson's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Tina Johnson has actually suffered or that Tina Johnson is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Tina Johnson prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

*(Insert the damage elements that may be compensable under federal or state law. This chapter contains instructions explaining some common elements.)*

**15.3 Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life1**

You may award damages for any bodily injury that Tina Johnson sustained and any pain and suffering, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Tina Johnson experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or needs to be introduced. You are not trying to determine value, but an amount that will fairly compensate Tina Johnson for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**Texas Pattern Jury Charge 8.7 - Personal Injury Damages – Exclusionary Instruction for Other Condition**

>Do not include any amount for any condition not resulting from the occurrence in question.

**Texas Pattern Jury Charge 8.8 - Personal Injury Damages – Exclusionary Instruction for Preexisting Condition that is Aggravated**

>Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

**Texas Pattern Jury Charge 8.9 - Personal Injury Damages – Exclusionary Instruction for Failure to Mitigate**

>Do not include any amount for any condition resulting from the failure, if any, of Tina Johnson to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating her injuries, if any, that resulted from the occurrence in question.

**Option 1**:

>Consider the elements of damages listed below and none other.  Consider each element separately.  Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any.  Do not include interest on any amount of damages you find.
>
>   a. Physical pain and mental anguish.
>   b. Loss of earning capacity.

  c. Disfigurement.
  d. Physical Impairment.
  e. Medical Care.

Answer separately, in dollars and cents, for damages, if any.

  Were sustained in the past;  Answer: _____

  In reasonable probability will
  Be sustained in the future  Answer: _____

**Option 2**:

What sum of money, if paid now in cash, would fairly and reasonably compensate Tina Johnson for her injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other.

Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you may find. Answer separately, in dollars and cents, for damages, if any.

  a. Physical pain and mental anguish sustained in the past.

    Answer: _____

  b. Physical pain and mental anguish that, in reasonable probability, Tina Johnson will sustain in the future.

    Answer: _____

  c. Physical impairment sustained in the past.

    Answer: _____

  d. Physical impairment that, in reasonable probability, Tina Johnson will sustain in the future.

    Answer: _____

e. Disfigurement sustained in the past.

Answer: _____

f. Disfigurement that, in reasonable probability, Tina Johnson will sustain in the future.

Answer: _____

g. Loss of capacity for enjoyment of life sustained in the past.

Answer: _____

h. Loss of capacity for enjoyment of life that, in reasonable probability, Tina Johnson will sustain in the future.

Answer: _____

i. Medical care expenses incurred in the past.

Answer: _____

j. Medical care expenses that, in reasonable probability, Tina Johnson will incur in the future.

Answer: _____

k. Loss of earning capacity sustained in the past.

Answer: _____

l. Loss of earning capacity that, in reasonable probability, Tina Johnson will sustain in the future.

Answer: _____

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
JUDGE PRESIDING

**Verdict Certificate**

Check one:

\_\_\_\_\_   Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

_____          _____
Signature of Presiding Juror                                  Printed Name of Presiding Juror

\_\_\_\_\_   Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

\_\_\_\_\_   Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

Signature                                                                  Name Printed

1.   _____          _____

2.   _____          _____

3.   _____          _____

4.   _____          _____

5.   _____          _____

6.   _____          _____

7.   _____          _____

8.   _____          _____

9.   _____          _____

10.  _____          _____

11.  _____          _____

12.  _____          _____

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

_/s/ Laura M. Cabutto_____

GREGG S. WEINBERG
TBN: 241084150
LAURA M. CABUTTO
TBN: 00797102
2800 Post Oak Blvd., Floor 57
Houston, Texas 77056
Telephone: (713) 840-1666
gweinberg@rmwbh.com
lcabutto@rmwbh.com
**ATTORNEY FOR DEFENDANT KENDRICK TRANSPORT LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service, pursuant to the Tex. R. Civ. P. 21a this the 19th day of October, 2023.

_/s/ Laura M. Cabutto_
Laura M. Cabutto