IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TINA JOHNSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:22-CV-00411 |
| § | |
| DAVID THOMAS HERBERT, et al., § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT KENDRICK TRANSPORT, LLC'S DEPOSITION DESIGNATIONS**

Plaintiff Tina Johnson files this Objections to Defendant Kendrick Transport, LLC's Deposition Designations and respectfully requests the following objections be sustained and the complained of testimony prohibited.

Plaintiff objects to the following items in Defendant Kendrick's Deposition Designations:

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

**TINA JOHNSON**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established

to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

- 6:24–7:8. Plaintiff objects on grounds of relevance. No competent evidence has been shown suggesting any connection to the live issues for trial.

- 7:14–8:5. Plaintiff objects on grounds of relevance. No competent evidence has been shown suggesting any connection to the live issues for trial.

- 8:15–25. Plaintiff objects on grounds of relevance. No competent evidence has been shown suggesting any connection to the live issues for trial.

- 9:3–9:10. Plaintiff objects on grounds of relevance. No competent evidence has been shown suggesting any connection to the live issues for trial.

- 21:3–22:19. Plaintiff objects in that it seeks to impermissibly present evidence of a collateral source. This would violate Defendant's own proposed limines.

- 32:14-35:13. Plaintiff objects on grounds of incompleteness. Defendant's cut seeks to give context to the circumstances of the collision but seeks to cut off Plaintiff's responsive answer.

- 77:7–77:16. Plaintiff objects on grounds of relevance. No competent evidence has been shown suggesting any connection to the live issues for trial.

- 86:4–89:3. Plaintiff objects in that it seeks impermissible lay opinions about the duties and responsibilities of a commercial motor vehicle driver. The witness does not possess a CDL, has no training or experience on these matters, and no predicate has been laid for any such opinion or expertise.

**DAVID HERBERT 2/1/22**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

**TODD MALLET**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

**TODD GOODHEART**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial.

Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

- 38:22–39:7. Plaintiff objects as irrelevant.
- 39:18–22. Plaintiff objects as irrelevant.
- 48:21–49:11. Plaintiff objects as speculative.
- 59:18–22. Plaintiff objects as irrelevant.
- 60:4–7. Plaintiff objects as irrelevant.
- 61:19–22. Plaintiff objects as speculative.
- 63:9–18. Plaintiff objects as speculative.

**BRIAN KENDRICK**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

- 10:3–13. Plaintiff objects as irrelevant.
- 16:5–7. Plaintiff objects as irrelevant.
- 17:16–21. Plaintiff objects as irrelevant.

- 48:4–24. Plaintiff objects as the competent evidence indicates that the time on the Crash Report is incorrect and the accident happened closer to 1:30 CST.

- 88:15–23. Plaintiff objects as irrelevant.

- 89:4–15. Plaintiff objects as irrelevant.

- 89:23–93:3. Plaintiff objects to the relevance and those matters that call for pure speculation on the part of the witness.

- 96:4–21. Plaintiff objects as irrelevant.

- 97:17–100:16. Plaintiff objects as irrelevant.

- 101:5–101:25. Plaintiff objects as irrelevant.

- 105:25–106:8. Plaintiff objects as speculative.

- 109:16–24. Plaintiff objects as irrelevant.

**RYAN SANDEFUR**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

**LEONARD HERSHKOWITZ**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure. In particular, this witness is an expert retained by Defendant and there has been no indication that this witness is unavailable.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

Plaintiff generally objects to the responsiveness of the answers to each question.

**DAVID HERBERT 9/6/23**

Plaintiff objects to the use of any deposition testimony for purposes other than any properly established impeachment when the witness is present at trial or hasn't otherwise been established to be unavailable as that term is understood under the Federal Rules of Evidence and Civil Procedure.

Plaintiff would generally object to Defendant Kendrick's proposed cuts as overly voluminous, irrelevant, and designed solely for purposes of delay or other improper purpose. The matters designated are largely irrelevant and serve only to distract from the live issues at trial. Plaintiff would request that Defendant Kendrick's cuts be played separately from Plaintiff's designations to avoid confusion of the issues for the jury.

- 13:1–14:21. Plaintiff objects as irrelevant.

- 21:23–22:4. Plaintiff objects as irrelevant.

- 22:13–23:2. Plaintiff objects as irrelevant.

- 35:21–36:4. Plaintiff objects to the testimony regarding Plaintiff's injuries. Defendant Herbert lacks the qualifications to make any sort of medical diagnosis.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Kyle W. Chapel*
KYLE W. CHAPEL
State Bar No. 24116188
MICHAEL E. PIERCE
State Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:  michael@pstriallaw.com
             kyle@pstriallaw.com
             service@psbfirm.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, on this 19th day of October, 2023, pursuant to the Federal Rules of Civil Procedure.

*/s/ Kyle Chapel*

KYLE W. CHAPEL