IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TINA JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-00411 |
| | § | |
| DAVID THOMAS HERBERT, et al., | § | |
| | § | |
| *Defendants*. | § | |

**PROPOSED JURY CHARGE**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

5. In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

6. Certain testimony has presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown or read to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

7. You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

8. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

9. The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

10.	You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

11.	When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

12.	The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

13.	If the Plaintiff has proved her claim against Defendant(s) by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant(s) are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant(s) are liable and that Plaintiff is entitled to recover money from Defendant(s).

14.	If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

15.	All the questions and answers are important. No one should say that any question or answer is not important.

16.	Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a

question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

17. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

18. Do not answer questions by drawing straws or by any method of chance.

19. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

20. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

21. Unless otherwise instructed, the answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## **Definitions**

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

# QUESTION 1

*The law requires that an operator of a vehicle preparing to merge onto a highway yield to traffic already on the highway. The failure to comply with this law is negligence itself.*

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?

Answer "Yes" or "No" for the following:

Todd Goodheart/Kendrick Transport: _____

Amazon: _____

David Herbert/ILM: _____

If you have answered "Yes" to Question 1 for more than one of those named below, then answer the following question. Otherwise, do not answer Question 2.

> *Assigned percentages of responsibility only to those you found caused or contributed to cause the injury or occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibly attributable to any one is not necessarily measure by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answer another question.*

## QUESTION 2

What percentage of the negligence that caused the occurrence or injury do you find to be attributable to each of those found by you to have been negligent?

Answer:

Todd Goodheart/Kendrick Transport: _____

Amazon: _____

David Herbert/ILM: _____

          TOTAL:      100%

Answer Question 3 if you answered "Yes" for any entity in Question 1. Otherwise, do not answer Question 3.

---

## QUESTION 3

---

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Tina Johnson for her injuries, if any, that were proximately caused by the occurrence in question?

> *You must determine an amount that is fair compensation for all of Plaintiff Tina Johnson's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Tina Johnson whole—that is, to compensate Tina Johnson for the damage that she has suffered. Compensatory damages are not limited to expenses that Tina Johnson may have incurred because of her injury. If you find that one or more of the Defendants are liable to Tina Johnson, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of the Defendants' wrongful conduct.*
>
> *You may award compensatory damages only for injuries that Tina Johnson proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Tina Johnson's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants.] You should not award compensatory damages for speculative injuries, but only for those injuries that Tina Johnson has actually suffered or that Tina Johnson is reasonably likely to suffer in the future.*
>
> *If a preexisting injury or condition was not causing any symptoms at the time of the occurrence in question but made the plaintiff more susceptible to injury than a person without that injury or condition, include damages, if any, resulting from a combination of the preexisting injury or other condition and the occurrence in question.*
>
> *If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Tina Johnson prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.*
>
> *You may award damages for any bodily injury that Tina Johnson sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity*

*for enjoyment of life that Tina Johnson experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Tina Johnson for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.*

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

a. Physical pain and mental anguish sustained in the past.

Answer: _____

b. Physical pain and mental anguish that, in reasonable probability, Tina Johnson will sustain in the future.

Answer: _____

c. Physical impairment sustained in the past.

Answer: _____

d. Physical impairment that, in reasonable probability, Tina Johnson will sustain in the future.

Answer: _____

e. Disfigurement sustained in the past.

Answer: _____

f. Disfigurement that, in reasonable probability, Tina Johnson will sustain in the future.

Answer: _____

 g.  Loss of capacity for enjoyment of life sustained in the past.

    Answer: _____

 h.  Loss of capacity for enjoyment of life that, in reasonable probability, Tina Johnson will sustain in the future.

    Answer: _____

 i.  Medical care expenses incurred in the past.

    Answer: _____

 j.  Medical care expenses that, in reasonable probability, Tina Johnson will incur in the future.

    Answer: _____

 k.  Loss of earning capacity sustained in the past.

    Answer: _____

 l.  Loss of earning capacity that, in reasonable probability, Tina Johnson will sustain in the future.

    Answer: _____

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

 

                                                                                                      _____
                                                                                                                  JUDGE PRESIDING

## Verdict Certificate

Check one:

\_\_\_\_\_ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

_____  _____
Signature of Presiding Juror                Printed Name of Presiding Juror

\_\_\_\_\_ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

\_\_\_\_\_ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

Signature                                   Name Printed

1. _____  _____

2. _____  _____

3. _____  _____

4. _____  _____

5. _____  _____

6. _____  _____

7. _____  _____

8. _____  _____

9. _____  _____

10. _____  _____

11. _____  _____

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Kyle W. Chapel*
KYLE W. CHAPEL
State Bar No. 24116188
MICHAEL E. PIERCE
State Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:      michael@pstriallaw.com
            kyle@pstriallaw.com
            service@psbfirm.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, on this 19th day of October, 2023, pursuant to the Federal Rules of Civil Procedure.

*/s/ Kyle Chapel*
_____
KYLE W. CHAPEL

14