IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TINA JOHNSON, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-00411 |
| | § | |
| DAVID THOMAS HERBERT, et al., | § | |
| | § | |
|     *Defendants*. | § | |

**AMAZON'S OBJECTIONS TO PLAINTIFF'S PROPOSED CHARGE AND
AMAZON'S PROPOSED JURY CHARGE INSERTS**

Comes now Amazon and (1) makes the following objections to Plaintiff's proposed charge and instructions and (2) requests that the following sections of the 2020 Fifth Circuit Pattern Jury Charge be added to those proposed by Plaintiff Johnson. Amazon further reserves the right to object to Plaintiff's proposed jury instructions and charge or supplement its proposed inserts.

**OBJECTIONS**

1. Amazon objects to Plaintiff's Proposed Charge to the extent it does not include the inserts below.

2. Amazon objects to Plaintiff's Proposed Charge Question No. 1 to the extent it does not instruct the jury that the only allegation against Amazon is for allegedly hiring Doe/Goodheart. As a negligent hiring claim, plaintiff must prove:

    a.    The contractor was incompetent;
    b.    Amazon knew or should have known that the contractor was incompetent; and

    c.     Plaintiff was injured because of the contractor's incompetence.

*See generally Ramirez v. Garcia*, 2016 Tex. App. LEXIS 550 at *7 (Tex. App.—Amarillo Jan. 20, 2016, no pet.).

    3.    Amazon objects to Plaintiff's Proposed Charge Question No. 1 to the extent it includes a negligence per se instruction. Plaintiff did not plead negligence per se. Further, the referenced statute does not meet the standard for negligence per se. *See generally Babiy v. Kelley,* No. 05-17-01122-CV, 2019 Tex. App. LEXIS 2097, 2019 WL 1198392, at *4 (Tex. App.—Dallas Mar. 14, 2019, no pet.) (mem. op.) and *Williams v. Mutia*, No. 01-19-00340-CV, 2021 Tex. App. LEXIS 6931, 2021 WL 3729312, at *18-20 (Tex. App.—Houston [1st Dist.] Aug. 24, 2021, no pet.) (mem. op.). Therefore, Plaintiff is not entitled to a negligence per se instruction. *See also* Texas Pattern Jury Charge 5.1.

    4.    Amazon objects to Plaintiff's Proposed Charge Question No. 1 to the extent it lists Todd Goodheart as he is not a defendant.

    5.    Amazon objects to Plaintiff's Proposed Charge Question No. 1 to the extent it lists Todd Goodheart/Kendrick Transport first. Amazon asserts the proper order would be based on the pleadings with David Herbert/Intracoastal Liquid Mud first, Amazon Logistics second and Kendrick Transport third.

    6.    Amazon objects to Plaintiff's Proposed Charge Question No. 1 to the extent it refers to Intracoastal Liquid Mud as ILM.

    7.    For reasons explained in Paragraph Nos. 4, 5, and 6, Amazon objects to Plaintiff's Proposed Charge Question No. 2.

    8.    Amazon reserves the right to supplement objections to Plaintiff's Proposed Charge.

Further, at the close of evidence, Amazon reserves the right to object to Plaintiff Proposed Charge to the extent evidence at trial does not support a claim or element of damages.

## INSERTS

Amazon further requests that Plaintiff's Proposed Charge be supplemented with the following inserts from the 2020 5th Circuit Pattern Jury Instructions:

**2.7 Charts and Summaries**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence

**2.8 Demonstrative Evidence**

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

**2.11 Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**2.13 Deposition Testimony**

Certain testimony [will now be] [has been] presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers [will be][have been] [read- ][shown] to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you in the same way] as if the witness had been present and had testified from the witness stand in court.

### 2.15 Law-Enforcement Officer Testimony

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

### 2.16 Bias—Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### 3.1 Jury Charge

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

---

[1] See Instruction No. 2.16 for corporations and other entities.

### 3.2 Burden of Proof: Preponderance of The Evidence

Plaintiff [name] has the burden of proving [his/her/ its] case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff [name] has failed to prove any element of [his/ her/its] claim by a preponderance of the evidence, then [he/she/it] may not recover on that claim.1

> 1See Pattern Jury Instruction 2.17, if the burden of proof is by clear and convincing evidence.

### 3.3 Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.1

> 1 If applicable, insert Pattern Jury Instruction 2.3 Stipulations of Fact; 2.4 Judicial Notice; 2.7 Demonstrative Evidence.

### 3.4 Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.1

> 1 If applicable, insert Pattern Jury Instructions 2.2 Stipulated Testimony; 2.6 Limiting Instruction; 2.8 Adverse Presumption; 2.9 Similar Acts; 2.10 Impeachment by Witness's Inconsistent Statements; 2.11 Impeachment by Witness's Felony Conviction; 2.12 Deposition Testimony.

### 3.5 Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.1

> 1The instruction does not refer to the witness as an "expert" in the jury charge. Rules 702 and 703 of the Federal Rules of Evidence were amended in 2000 in response to *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), and the many cases applying *Daubert*, including *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Rules 702 and 703 continue "the practice of . . . referring to a qualified witness as an 'expert' " in the rule itself. Fed. R. Evid. 702 Committee Note on 2000 amendments. However, Rule 702's Committee Note to the 2000 Amendments recognize that: Indeed, there is much to be said for the practice that prohibits the use of the term "expert" by both the parties and the court at trial. Such a practice "ensures that trial courts do not inadvertently put their stamp of authority" on a witness's opinion, and protects against the jury's being "overwhelmed by the so-called 'experts'." Fed. R. Evid. 702 Committee Note on 2000 amendments (quoting Hon. Charles Richey, Proposal to Eliminate the Prejudicial Effect of the Use of the Word "Expert" Under the Federal Rules of Evidence in Criminal and Civil Jury Trials, 154 F.R.D. 537, 559 (1994)).

### 3.6 No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### 3.7 Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

## 15.1 Consider Damages Only If Necessary

If Plaintiff [name] has proved [his/her] claim against Defendant [name] by a preponderance of the evidence, you must determine the damages to which Plaintiff [name] is entitled. You should not interpret the fact that I am giving instructions about Plaintiff [name]'s damages as an indication in any way that I believe that Plaintiff [name] should, or should not, win this case. It is your task first to decide whether Defendant [name] is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant [name] is liable and that Plaintiff [name] is entitled to recover money from Defendant [name].

## 15.2 Compensatory Damages

If you find that Defendant [name] is liable to Plaintiff [name], then you must determine an amount that is fair compensation for all of Plaintiff [name]'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff [name] whole—that is, to compensate Plaintiff [name] for the damage that [he/she/it] has

suffered. Compensatory damages are not limited to expenses that Plaintiff [name] may have incurred because of [his/her] injury. If Plaintiff [name] wins, [he/she] is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that [he/she] has suffered because of Defendant [name]'s wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff [name] proves were proximately caused by Defendant [name]'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff [name]'s damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant [name].] You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff [name] has actually suffered or that Plaintiff [name] is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff [name] prove the amount of [his/her] losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

*(Insert the damage elements that may be compensable under federal or state law. This chapter contains instructions explaining some common elements.)*

### 15.3 Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life[1]

You may award damages for any bodily injury that Plaintiff [name] sustained and any pain and suffering, [disability], [disfigurement], [mental anguish], [and/or] [loss of capacity for enjoyment of life] that Plaintiff [name] experienced in the past [or will experience in the future] as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff [name] for the damages [he/she] has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

---

[1] Not all of these elements of damages are available in all state-law or federal claims which involve personal injury

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ John Bridger*
JOHN BRIDGER
Texas Bar No. 02975860
John.Bridger@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEY FOR DEFENDANT AMAZON LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 19th day of October, 2023.

*/s/ John Bridger*
JOHN BRIDGER